JOHN HACKWORTH *v.* WILLIAM R. THOMPSON, ET AL.

**Attachment—Sale of Real Estate Under Attachment—Description.**

   A judicial sale of real estate attached, sold by order of the judgment, is void where no specific description of the real estate is included in the judgment.

APPEAL FROM LEWIS CIRCUIT COURT.

January 26, 1876.

OPINION BY JUDGE PETERS:

By the return of the sheriff it appears that the attachment was levied on 1,200 acres of land on Briery Creek in Lewis County in the possession of John Hackworth. In the judgment the land is described precisely as it is in the return on the attachment. The levy

made by the officer would be sufficient to create a lien on the land. But a specific description is not given in the judgment. The master must go on Briery Creek in Lewis County, and inquire where the 1,200 acres of land are located which Hackworth had in possession on the 1st of December, 1868; and if his information be correct on such inquiry, he may sell the right tract of land; but if he is misinformed he may sell an entirely different tract, and the land of some other person. Before the judgment of sale is rendered the court should have sent his master out with the surveyor, if need be, and have the 1,200 acres of land that the sheriff levied said attachment on, identified by metes and bounds, and report the same to the court; and the judgment then should contain the description of the land as reported, so that the commissioner could, with the judgment, go on the land and explain to bidders and purchasers the land to be sold, its form, location, and identity.

The question as to the homestead right is not raised by the pleadings, and of course not adjudicated by the court below, and this court therefore has nothing to do with it on this appeal.

But for the reasons stated the judgment of the court below is *reversed,* and the cause is remanded for further proceedings consistent herewith.

*W. H. Cord, for appellant.    A. Duvall, for appellees.*